# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Royce B. Saville,**
**Plaintiff Below**

**vs.)  No. 19-0560** (Hampshire County 16-C-70)

**City of Romney,**
**Defendant Below, Respondent**

**FILED**
**May 26, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Charles C. Hall and Carol Heckler, by counsel Larry D. Garrett, appeal the order of the Circuit Court of Hampshire County that denied their motions to intervene in this civil action. The City of Romney, by counsel James O. Heishman, filed a response in support of the circuit court's order.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners filed motions to intervene in this civil action to prevent the City of Romney ("the City") from conveying burial lots located in Indian Mound Cemetery, in Romney, West Virginia, to Mr. Royce B. Saville, plaintiff below. At issue in the underlying litigation was the conveyance of a thirty-two foot by twenty foot parcel, which contains twenty possible vacant burial plots at the front of the cemetery. Petitioners allege that this property should not be conveyed by the City.

By way of background, Mr. Saville, a licensed attorney, appeared at the City's council meeting on December 7, 2015, and advised the City of his desire to purchase lots in the vacant area of the cemetery. Mr. Saville offered to pay the City $1,000.00 for the lots if transferred by quitclaim deed, and an unspecified additional amount if the City transferred the plots by a warranty deed. The City's mayor suggested that Mr. Saville's request be postponed until the January 4, 2016, city council meeting when the city attorney would be present.

On January 4, 2016, Mr. Saville appeared at the City's council meeting and advised the council of his continued desire to purchase the lots in the Indian Mound Cemetery. He explained

---

[1] Mr. Saville, plaintiff below, did not participate in this appeal.

1

that he was the President of the Indian Mound Cemetery Association and Chairman of the Romney Historic Landmark Commission and that, based upon his research, the City might have an ownership interest in the lots. Mr. Saville stated that he would be willing to accept whatever interest the City had in the property.

During the January 4, 2016, meeting, the city council passed a resolution to convey the City's interest in the cemetery lots to Mr. Saville for $1,000.00. Thereafter, at a council meeting held on February 1, 2016, Petitioner Charles Hall made a presentation to the council describing the historical significance of the site. The council then voted to rescind its resolution (and, thus, the sale of the cemetery lots to Mr. Saville). On February 18, 2016, Mr. Saville wrote a letter to the City expressing that he was disturbed by the City's attempt to rescind its contract with him, and accused Petitioner Charles Hall of engaging in tortious interference with the contract between Mr. Saville and the City. Mr. Saville threatened to sue if the City did not sell the property to him.

On September 8, 2016, Mr. Saville filed a complaint in the circuit court seeking specific performance of his "contract" with the City. In his complaint, Mr. Saville alleged that the City had agreed to convey to him two lots in the cemetery, each lot containing eight to ten burial plots. After the City filed its answer, the parties engaged in discovery. The case was unsuccessfully mediated on May 18, 2017. After more than a year of litigation, the City decided to compromise this case, and, on October 23, 2017, the circuit court entered a final order of dismissal, with prejudice, which ratified and confirmed the agreement between Mr. Saville and the City to settle the case. The agreement was for the City to convey certain cemetery plots to Mr. Saville for the sum of $1,000.00, and other cemetery plots to the Indian Mound Cemetery Association for no payment.

Despite his knowledge of the City's dispute with Mr. Saville even prior to the filing of Mr. Saville's civil complaint, Petitioner Hall did not attempt to intervene in the civil action during the pendency of the matter. Instead, on October 25, 2017, two days after the entry of the final order of dismissal, Petitioner Hall filed a motion to intervene and to set aside the dismissal order.[2] Thereafter, on November 3, 2017, Petitioner Carol Heckler filed a motion to intervene and to set aside the final order. Mr. Saville filed a response to the motions.

A hearing on the motions to intervene was convened on June 27, 2018. At the hearing, the circuit court directed the parties to file briefs regarding the motions to intervene and the motions to set aside the judgment. The circuit court conducted an additional hearing on the motions on March 19, 2019.

On May 24, 2019, the circuit court entered its order denying petitioners' motions to intervene and dismissed the case. The circuit court found that the underlying matter had been pending for over a year and that Petitioner Hall was well aware of the ongoing civil action during

---

[2] Petitioners maintain that the Hampshire County Historic Landmark Commission, along with the Sons of the Confederacy and many local organizations and citizens, including the County Commission of Hampshire County, oppose the City's transfer to Mr. Saville. However, none of these organizations attempted to join in this litigation. Petitioners further maintain that Mr. Saville alternatively referred to the property as "lots" or "plots," thereby intentionally misleading the City as to the size of the property at issue.

that time. Further, the court reasoned that granting the motions to intervene would significantly prejudice the original parties, as the matter had already been dismissed with prejudice. The circuit court noted that Petitioner Hall had filed a separate civil action that remains active on the court's docket, outlines the same or similar grievances, and seeks relief similar to that alleged in this action. Additionally, the circuit court found:

> Rule 24(a) of the West Virginia Rules of Civil Procedure specifically allows for Intervention of Right upon the timely application in an action "(1) when a statute of this State confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transition which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented."

> Rule 24(b) of the [West Virginia Rules of Civil Procedure] further allows for Permissive Intervention upon the timely application in an action "(1) when a statute of this State confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have question of law or fact in common."

The circuit court held that "[w]hile Rule 24 of the West Virginia Rules of Civil Procedure provides for the intervention of parties upon a timely application, the timeliness of any intervention is a matter of discretion with the trial court." Syl. Pt. 10, *Pioneer Co. v. Hutchinson*, 159 W. Va. 276, 220 S.E.2d 894 (1975). It is from this order that Petitioners Hall and Heckler now appeal.

Our standard of review of a circuit court order denying a motion to intervene has been explained as follows:

> "'In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.' Syllabus point 2, *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997)." Syllabus Point 1, *Coordinating Council for Independent Living, Inc. v. Palmer*, 209 W.Va. 274, 546 S.E.2d 454 (2001)."

Syl. Pt. 1, *Stern v. Chemtall Inc.*, 217 W. Va. 329, 617 S.E.2d 876 (2005).

Timeliness is a requirement for intervention pursuant to both Rule 24(a) and 24(b) of the West Virginia Rules of Civil Procedure. Here, the record is clear that Petitioner Hall was aware of the potential transfer to Mr. Saville prior to February 1, 2016, more than six months before Mr. Saville filed his September 8, 2016, complaint against the City. Despite this knowledge, petitioner Hall waited for more than one year after the complaint was filed to seek intervention. Further, although the record is not clear as to when Ms. Heckler first learned of the facts underlying this matter, the case proceeded in the circuit court for a year and was actually dismissed before she filed her motion to intervene. Thus, it is clear that petitioners failed to meet the timeliness

requirement and, therefore, the circuit court did not abuse its discretion in refusing petitioners' motions to intervene. Further, we find that the circuit court's underlying factual findings are not clearly erroneous. Accordingly, we will not disturb the circuit court's ruling.

Finally, we note that petitioners raise additional assignments of error related to the transfer of the property and the West Virginia Open Records Act. However, because we affirm the circuit court's order denying petitioners' motions to intervene, we need not address those alleged errors.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** My 26, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice Margaret L. Workman